UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                               **CRIMINAL ACTION**

**VERSUS**                                                                **No. 16-86**

**GEORGE R. BUCKHALTER**                                  **SECTION I**

### ORDER & REASONS

Before the Court is defendant George R. Buckhalter's ("Buckhalter") motion[1] for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Because Buckhalter has not satisfied the statutory exhaustion requirement, the motion is dismissed without prejudice.

### I.

On July 14, 2016, Buckhalter pled guilty to count one of an indictment, which charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[2] The Court sentenced Buckhalter on October 20, 2016 to a term of imprisonment of 120 months, to run consecutively to his term of imprisonment under United States District Court, Eastern District of Louisiana, Docket No. 07cr234.[3] This Court also imposed a three-year term of supervised

---

[1] R. Doc. No. 37.
[2] R. Doc. No. 1; R. Doc. No. 29. Buckhalter was previously convicted of two felonies, possession of cocaine in violation of La. R.S. § 40:967(C)(2) in 2005 and felon in possession of a firearm in 2007. *See* R. Doc. No. 16, at 3; R. Doc. No. 19, at 10–12 ¶¶ 31, 36.
[3] R. Doc. No. 29, at 2. As a result of the charge that led to Buckhalter's conviction in this case, his term of supervised release in Docket No. 07cr234 was revoked on October 13, 2016. Docket No. 07cr234, R. Doc. No. 87. Buckhalter stipulated that he violated the terms of his supervised release by possessing a firearm and firing a

release.[4] Buckhalter is currently incarcerated at Beaumont Medium FCI, and his projected release date is April 7, 2026.[5]

Buckhalter asks the Court to grant him compassionate release due to the COVID-19 pandemic.[6] He contends that his diabetes, high blood pressure, and the fact that he is on a breathing machine increase his risk of severe illness if he contracts COVID-19.[7] Buckhalter does not assert, however, that he has submitted a request for compassionate release to the warden of Beaumont Medium FCI or otherwise exhausted his administrative remedies with the Bureau of Prisons ("BOP").

The government opposes Buckhalter's motion on the grounds that he has not exhausted his administrative remedies and that, even if he had, he does not present extraordinary and compelling reasons for compassionate release.[8]

## II.

In pertinent part, section 3582(c)(1)(A) of the First Step Act provides that a court may not modify a term of imprisonment unless a motion is made after the defendant has exhausted his administrative remedies and the court, after considering the factors set forth in 18 U.S.C. § 3553(a), finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The reduction must

---

handgun at an individual in Orleans Parish. *Id.* Buckhalter was sentenced to a term of imprisonment of 24 months. *Id.*
[4] R. Doc. No. 29, at 3.
[5] *See* https://www.bop.gov/inmateloc/ (last visited August 9, 2020).
[6] R. Doc. No. 37, at 1.
[7] *Id.*
[8] R. Doc. No. 39, at 10–20.

also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Section 3582 allows a court to consider a defendant's motion for modification of a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

"The requirement that an inmate first exhaust his administrative remedies within the BOP is jurisdictional." *United States v. Gentry*, No. 03-50033, 2020 WL 2131001, at *2 (W.D. La. May 5, 2020) (citing *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010)); *see United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (characterizing the defendant's failure to exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point"). Even in the context of the COVID-19 pandemic, a defendant must first satisfy the exhaustion criteria of 18 U.S.C. § 3582(c)(1)(A) in order for the Court to have jurisdiction over a motion for a compassionate release sentence reduction. *See United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *3 (6th Cir. June 2, 2020) (explaining that a court "may not grant relief" if the defendant has not complied with the exhaustion requirement, which operates as an "'unyielding procedural requirement[]'") (quoting *United States v. Dowl*, 956 F.3d 904, 908 (6th Cir. 2020)); *United States v. Ogarro*, No. 18-CR-373, 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020) ("[S]ection 3582(c)'s

exhaustion proscription . . . mandates that where the BOP has not submitted an application for a sentence reduction, a court cannot, under any circumstances, grant compassionate release unless the defendant has either 'fully exhausted all administrative rights to appeal' or waited at least 30 days from the receipt of such a request by the warden of the defendant's facility."). "This conclusion is supported by a number of cases in which courts have addressed motions for compassionate release under the [First Step Act] due to COVID-19 and found they do not have the authority to address those motions when the defendants have not first satisfied the exhaustion requirements[.]" *United States v. Guyton*, No. 11-271, 2020 WL 2128579, at *2 (E.D. La. May 5, 2020) (Milazzo, J.) (internal citation omitted) (collecting cases).

The defendant bears the burden of demonstrating that he is entitled to compassionate release and that he has exhausted his administrative remedies. *United States v. Evans*, No. 16-20144, 2020 WL 2549964, at *2 (W.D. Tenn. May 19, 2020); *United States v. Van Sickle*, No. 18-0250, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020); *see United States v. Roberts*, No. 15-135, 2020 WL 2130999, at *3 (W.D. La. May 5, 2020); *United States v. Ebbers*, No. 02-1144, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020).

### III.

Buckhalter has not exhausted his administrative remedies. Buckhalter filed the instant motion on July 15, 2020.[9] According to the government, Buckhalter made

---

[9] R. Doc. No. 37.

4

a request for compassionate release to the warden of Beaumont Medium FCI on July 21, 2020, and the warden has not had sufficient time to consider the request.[10]

Because Buckhalter's request has neither been denied nor have thirty days lapsed since the warden acknowledged receipt of the request, Buckhalter has failed to satisfy the statutory exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A). Consequently, Buckhalter's motion for compassionate release is not properly before the Court.

### IV.

Accordingly,

**IT IS ORDERED** that Buckhalter's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

New Orleans, Louisiana, August 11, 2020.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[10] R. Doc. No. 39, at 1.